**Thimesch Law Offices**
TIMOTHY S. THIMESCH, ESQ., No. 148213
  tim@thimeschlaw.com
158 Hilltop Crescent
Walnut Creek, CA 94597-3452
Tel: 925/588-0401
Fax: 888/210-8868

Attorneys for Plaintiff CRAIG YATES

BARTKO ZANKEL TARRANT MILLER
CHARLES G. MILLER, ESQ., No. 39272
  cmiller@bztm.com
900 Front Street · Suite 300
San Francisco · CA 94111
Tel: (415) 956-1900
Fax: (415) 956-1152

Attorneys for Defendant
MANGIA E. BEVI, INC

MICHAEL RAIFSNIDER, ESQ.
Attorney at Law, No. 100110
  mjrlawoffice@yahoo.com
109 Geary Street, Fourth Floor
San Francisco, California 94108
(415) 398-9001 Telephone
(415) 982-5130 Fax

Attorneys for Defendant
FREDERICK J. PERRY III, Trustee

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>        Plaintiff,<br><br>v.<br><br>CAFÉ DIVINO; FREDERICK J. PERRY III; MANGIA E. BEVI, INC; and DOES 1 through 50, Inclusive,<br><br>        Defendants.<br>_____ / | CASE NO. CV-10-4813 JCS<br>Civil Rights<br><br>[Proposed] **FULL CONSENT DECREE ORDER AND JUDGMENT** |

////

////

////

**Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1
STIPULATIONS
    Plaintiffs' Qualified Disability ...............................................................................2
    Plaintiff's Status as Aggrieved and Potentially Aggrieved ....................................2
    Qualified Facilities.................................................................................................2
    Alteration History ..................................................................................................2
    Scope of Facilities in Issue ....................................................................................2
JURISDICTION ....................................................................................................................3
SCOPE OF SETTLEMENT
AGREEMENTS CONCERNING INJUNCTIVE RELIEF ..................................................4
    Agreement to Cooperate With Performance of Other Remaining
        Remediations ...................................................................................................4
    Performance Standards ..........................................................................................5
    Option to Close Facilities ......................................................................................5
    Time for Compliance ............................................................................................6
    Enforcement...........................................................................................................6
AGREEMENT CONCERNING DECLARATORY RELIEF ..............................................6
RESOLUTION OF REMAINING MONETARY CLAIMS ................................................
    Resolution of Plaintiffs' Claim for Statutory Damages.........................................7
    Resolution of Claim for Reasonable Statutory Attorneys' Fees, Litigation
        Expenses And Costs ........................................................................................7
CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN
        INTEREST .......................................................................................................8
JOINT PREPARATION AND SEVERABILITY ................................................................8
SIGNATORIES BIND PARTIES .........................................................................................8
COUNTERPARTS.................................................................................................................9
APPROVAL AS TO FORM ................................................................................................10
ORDER.................................................................................................................................10

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS**       — ii —

# FULL CONSENT DECREE ORDER AND JUDGMENT

**INTRODUCTION**

1. The subject parties enter this Full Consent Decree Order and Judgment (hereafter "Consent Decree") in order to fully resolve the issues, claims and defenses in this case. Neither this Consent Decree Order and Judgment is or shall be construed as an admission by the defendants of the truth of any allegation or the validity of any claim asserted in the complaint, or of the defendants' liability therefore, nor as a concession or an admission of any fault or omission of any act or failure to act, or of any statement, written document, or report heretofore issued, filed or made by the defendants. This Consent Decree Order and Judgment is entered into for the sole purpose of resolving and settling this matter.

2. Plaintiff CRAIG YATES is a person with a disability whose condition requires the full time use of a wheelchair for mobility. He also has incomplete quadriplegia that affects his reach-range and diminishes his ability to access objects that involve grasping, pinching or twisting of the wrist.

3. Defendant MANGIA E. BEVI, INC. sued erroneously herein as Café Divino (hereafter "Tenant") is the owner, operator, and lessee of the public accommodation Cafe Divino, located at 37 Caledonia Street, Sausalito, California (hereafter, "Subject Restaurant"). It leases the property from Defendant FREDERICK J. PERRY III, Trustee of the Fred Perry, Jr. Trust, sued erroneously herein as Frederick J. Perry III, who shall be referred to herein as Landlord. Together, the subject Tenant and Landlord shall be referred to as Defendants; and together Plaintiff and the Defendants shall be referred to collectively herein as the Subject Parties.

4. Plaintiff filed this action for himself and all other similarly situated members of the public to vindicate their rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and Civil Code Section 54 and 54.1.

5. Plaintiff alleges that the subject Defendants violated these statutes by failing to provide full and equal access and related facilities, including, but not limited to, an accessible entrance, and accessible route throughout the restaurant, an accessible bar counter, an

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

accessible dining table connected to a clear floor space, and an accessible public restroom. Specific identification of the facilities and their alleged deficiencies were identified in the Complaint filed on October 25, 2010.

6. Plaintiff alleges that the subject building and site has undergone construction triggering the requirement of full compliance with regulations in the altered areas, and that further Defendants could easily afford to makes its facilities and services accessible without significant difficulty or expense.

**STIPULATIONS**

7. **Plaintiffs Qualified Disability.** Plaintiff qualifies as a "person with a physical disability" as defined by the relevant statutes.

8. **Plaintiff's Status as Aggrieved and Potentially Aggrieved.** Plaintiff CRAIG YATES has standing to bring this action, that he lives in Terra Linda, that he however regularly conducts personal affairs in Sausalito, which activity includes dining and shopping. While the Defendants do not admit all of the foregoing allegations, they agree that sufficient undisputed facts exist supporting Plaintiff's qualification as "aggrieved and potentially aggrieved" under the relevant statutes, and his individual standing under Article III of the U.S. Constitution.

9. **Qualified Facilities.** Café Divino qualifies as a "public accommodation" and "commercial facility" under all applicable statutes and regulations.

10. **Alteration History.** Plaintiff alleges that all facilities in issue have undergone sufficient and recent alteration and/or new construction to require compliance with the Americans With Disabilities Act Access Guidelines published in 1992, as it applies to altered facilities, and that the restaurant is otherwise subject to the requirements of Civil Code Section 54.3 and Title 24, Part II, of the California Code of Regulations.

11. **Scope of Facilities in Issue.** The following are the facilities at the Subject Restaurant affected by this Consent Decree: including, but not limited to: the main entrance of the restaurant, the dining table facilities, the bar and coffee counter, and the public restrooms.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS — 2 —

### III. JURISDICTION

12. The facts requisite to federal jurisdiction are admitted. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for the alleged violations of the ADA, 42 U.S.C. §§ 12101, et seq. Article III jurisdiction is proper due to the Plaintiff's continued exposure and use of the restaurant for dining. Pendant jurisdiction of the state law claims arises from a common nucleus of fact and is proper.

13. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until defendants have fulfilled all conditions hereunder. This agreement is contingent upon the Court's acceptance of this continuing jurisdiction.

14. The parties agree to entry of this Consent Decree in order to resolve the below listed allegations raised in the Complaint filed with this Court on October 25, 2010. Accordingly, the parties agree to this Consent Decree without trial or further adjudication of any issues of fact or law concerning the issues specified herein.

15. In entering this Consent Decree, Defendants agree this Consent Decree fully vindicates Defendants' alleged violation of Plaintiff's rights under the Americans with Disabilities Act and Civil Code Section 54 and 54.1.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Full Consent Decree Judgment and Order, which provides as follows:

### SCOPE OF SETTLEMENT

16. This Consent Decree shall be a full, complete, and final disposition and settlement of the below claims that have been or could have been alleged in the Complaint, including for injunctive relief, declaratory relief, statutory and compensatory damages, including personal and bodily injury, and Plaintiff's claims for reasonable statutory attorney fees, litigation expenses and costs. This Consent Decree was reached through negotiations between the Subject Parties. The Court shall retain jurisdiction of this action to enforce and interpret this Full Consent Decree Judgment and Order. The parties agree that if they or any of them seek Court enforcement of this Full Consent Decree Judgment and Order, any such

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS   — 3 —

enforcement will be by noticed motion, application or other appropriate request for an order for specific performance, and that a contempt citation or decree will not be sought by any party.

**AGREEMENTS CONCERNING INJUNCTIVE RELIEF**

17.     **Specific Agreed Remediations.** As a part of a compromise of global liability, the Defendants each agree that they shall be jointly and severally responsible to perform the following work to provide disabled access at the Subject Restaurant:

a.     Create a fully compliant door landing at the main entrance through the use of an automatic door opener, and in accordance with the plans and drawings attached hereto as **Exhibit A**.

b.     Create and/or maintain an accessible circulation route throughout the restaurant and between the tables and bar counter that is maintained at a 36 inches minimum between stools, chairs, and tables.

c.     Provide one accessible dining table in both the front dining room and a second in the rear dining room that is located on an accessible route and with clear floor space for two wheelchair spaces on either side that are located outside the general path of travel. Such tables shall provide knee space underneath that is a minimum of 30 inches wide, 27 inches high, and projects back underneath the table a minimum of 19 inches. No pedestal support or pedestal base shall be located anywhere within the rectangular dimension of the foregoing clear space.

d.     Provide a permanent lower section of the bar counter that has a minimum length of 60 inches, and a maximum height of 34 inches above the finished floor, as reflected in the drawings attached hereto as **Exhibit A** hereto. The Parties agree that this counter may be installed permanently along the face of the bar counter, that it shall have proper knee space, but with no portion of the upper bar counter being allowed to project over the top of the lower counter as set forth in the drawing attached hereto as Exhibit A.. Defendants will attempt to obtain approval from the relevant governmental authorities for a pass-through slot to be provided along the face of the counter for drink or food service. The permanent lower section

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS      — 4 —

1  of the counter should be as stable as any of the dining tables that are earmarked for the mobility
2  impaired.

3        e.    Ensure that all other amenities in the restaurant, including coat hooks,
4  coffee dispensers, etc. are set next to a clear floor space and within a compliant reach range.

5        f.    For the clear aisle between the face of the bar and dining tables, provide
6  new tables that are 3'0" wide maximum, as depicted in Exhibit A at 7-A2.1.

7        g.    Provide a fully compliant accessible restroom.  The restroom may be in
8  accordance with the plans and drawings attached hereto as **Exhibit A**, but with the following
9  two exceptions:

10           i.    The open doorway for the sink alcove shall be enlarged to 48
11               inches clear.

12           ii.    The swinging door leading from the sink alcove to the water
13               closet shall not utilize a latch, but shall swing clear when pushed.
14               The door shall be equipped only with a privacy dead-bolt.

15     18.    **Performance Standards**.  All of the foregoing work specified in Paragraph 17
16 shall be brought into full and strict compliance with the literal performance standards for
17 altered facilities under the Americans with Disabilities Act Accessibility Guidelines, effective
18 January 26, 1992, and under California's Title 24, (2010), whichever, for any particular
19 element, provides the strongest level of protection to persons with disabilities, or as otherwise
20 specified in paragraph 17.  Defendants hereby release all alleged defenses to literal compliance
21 with respect to the work that have not been expressly reserved herein, including, but not limited
22 to, unreasonable hardship, undue hardship, legal and physical constraint, technical infeasibility,
23 20% cost-cap, etc.

24     19.    **Option to Close Facilities.**  In lieu of making modification to any particular
25 facility or amenity called for by this decree, the Defendants may choose to permanently
26 close/remove such facility, element or amenity from public use.  Such facility, element or
27 amenity shall not be reopened or re-provided for public use without provision of full disabled
28 access pursuant to applicable law.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS   — 5 —

20.     **Time for Compliance.**  As to all other work, Defendants shall complete all such work within 360 days from the date of the Decree, allowing for good faith interruptions due to inclement weather, contractor unavailability, and other causes under the Doctrine of Force Majeure. Permits from the building department shall be secured for all work that requires such permits.  Defendants will provide written notice regarding the status of completion within 390 days after entry of this Order.  Defendants shall then provide Plaintiff, his attorneys and consultants with physical access to inspect measure and photograph the facilities to verify that the completed work complies with the terms herein.

21.     **Enforcement.**  Should Plaintiff in the future become aware of any facts or conditions relating to the subject public accommodation that may give rise to a claim that Defendants have failed to comply with any of the injunctive relief provisions set forth herein, he shall, prior to filing suit, provide written notice to Defendants, and through their counsel at then then currently registered address with the state bar. Defendants shall have thirty (30) days, following receipt of the notification described in paragraph (a) above, to undertake to correct the alleged violation and/or respond in writing to Plaintiff's allegations.  If the parties are unable to resolve their differences, Plaintiff shall be permitted to file a noticed motion under the current case number of this action seeking enforcement of this Consent Decree, as well as contempt of court.  The "prevailing party" in such motion proceedings, whether in full or in part, may be entitled to an award of reasonable attorney fees, litigation expenses and costs for such motion, i.e., the fee recovery shall be pursuant to the normal prevailing party standards that applied under the subject statutes before entry of this decree, under the subject fee shifting statutes named in the complaint and Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978).  Thus, Defendants may be entitled to recovery of attorneys' fees in such proceeding only upon proof that Plaintiff's motion is frivolous or brought in bad faith.

**AGREEMENT CONCERNING DECLARATORY RELIEF**

22.     In resolution of Plaintiff's claim for declaratory relief, Defendants hereby stipulate, that by this Consent Decree, the barriers identified herein for correction, at paragraph

17, supra, constitute past and present violations of each of Plaintiff's rights under the Title III of the Americans with Disabilities Act of 1990, and Civil Code Section 54 and 54.1. Defendants agree that Plaintiff's claim for statutory damages is inextricably intertwined with his claims for injunctive relief. Defendants have agreed to conduct the barrier removals herein as a result of the settlement of this action.

**RESOLUTION OF STATUTORY DAMAGE CLAIMS**

23. Defendants agree to pay the amount of $20,000 in full satisfaction of Plaintiff's claims for bodily and personal injury and for statutory damages under Title II of the ADA, and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, In Trust," and delivered into Plaintiff's counsel's hands within seven days of Defendant's execution of this Full Consent Decree Judgment and Order. If overnight mail is used, Defendants shall supply Plaintiff's counsel with a tracking number.

24. The parties stipulate that the foregoing amount is intended to be paid in full to Plaintiff, and understand that no part of it shall be received by Plaintiff's counsel in compensation toward each of Plaintiff's separate claim for reasonable statutory attorneys' fees, litigation expenses, and costs.

**RESOLUTION OF CLAIM FOR REASONABLE STATUTORY ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS:**

25. Defendants agree to pay the amount of $45,000 in full satisfaction of Plaintiff's claims for interim and final claims for reasonable statutory attorneys' fees, litigation expenses and costs under Section 505 of the ADA [42 USC 12205]; and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, IN TRUST," and delivered into Plaintiff counsel's hands within seven days of Defendants' execution of this Full Consent Decree Judgment and Order. If overnight mail is used, Defendants shall supply Plaintiff's counsel with a tracking number.

////

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS — 7 —

**FULL CONSENT DECREE JUDGMENT AND ORDER:**

26.     This Consent Decree constitutes the entire agreement between the parties on the matters of Plaintiff's claims for injunctive relief, statutory and personal injury damages, and reasonable statutory attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Full Consent Decree Judgment and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

27.     The parties agree and represent that they have entered into this Consent Decree voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to all matters related to this Consent Decree, after having received full advice from counsel.

28.     This Consent Decree shall be binding on Plaintiff and Defendants and any successors in interest.  During the period of this Consent Decree, the parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree during the period of the Court's jurisdiction of this Consent Decree.

**JOINT PREPARATION AND SEVERABILITY:**

29.     This Consent Decree is deemed jointly prepared by all parties and shall not be strictly construed against any party as its drafter.  If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

30.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree.

////

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS — 8 —

09/08/2011 19:00 FAX                                                                 ☒001

1   30.  Signatories on the behalf of the parties represent that they are authorized to bind
2  the parties to this Consent Decree.
3  ////
4
5  **COUNTERPARTS:**
6   31.  This Consent Decree may be executed in counterpart signatures, and such
7  signatures may be attached in counterparts, each of which shall be deemed an original, and
8  which together shall constitute one and the same instrument. Such counterparts may be signed
9  as faxed signatures, which shall the same force and effect as original signatures.
10
11  Dated: Sept. 8, 2011
12
13                              _____
                                CRAIG YATES
14
15  Dated: 9/20/11
16
17                              _____
                                MANGIA E. BEVI, INC.
18                              By: Elizabeth Nebot
19                              Officer's Title: Owner
20
21  Dated: _____
22
23                              _____
                                FREDERICK J. PERRY III,
                                Trustee of the Fred Perry, Jr. Trust
24
25
26
27
28

Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS                  —9—

30.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree.

////

**COUNTERPARTS:**

31.     This Consent Decree may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall the same force and effect as original signatures.

Dated: Sept. 8, 2011

_____
CRAIG YATES

Dated: _____

_____
MANGIA E. BEVI, INC.

By: _____

Officer's Title: _____

Dated: _____

_____
FREDERICK J. PERRY III,
Trustee of the Fred Perry, Jr. Trust

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS — 9 —

**COUNTERPARTS:**

31. This Consent Decree may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall the same force and effect as original signatures.

Dated: _____

_____
CRAIG YATES

Dated: _____

_____
MANGIA E. BEVI, INC.

By: _____

Officer's Title:_____

Dated: 9-19-11

_____
FREDERICK J. PERRY III,
Trustee of the Fred Perry, Jr. Trust

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**APPROVAL AS TO FORM:**

Dated: Sept.. 8 , 2011           THIMESCH LAW OFFICES
                                  TIMOTHY S. THIMESCH, ESQ.

                                  /s/ Authorized Signed
                                  Attorneys for Plaintiff
                                  CRAIG YATES

Dated: Sept.. __, 2011           BARTKO ZANKEL TARRANT MILLER
                                  CHUCK MILLER, ESQ.

                                  /s/ Authorized Signed
                                  Attorneys for Defendants
                                  CAFÉ DIVINO; and MANGIA E. BEVI, INC

Dated: Sept.. __, 2011           MICHAEL RAIFSNIDER, ESQ.
                                  Attorney at Law

                                  /s/ Authorized Signed
                                  Attorneys for Defendant FREDERICK J. PERRY III

**ORDER**

**IT IS SO ORDERED.** _____

_____

_____

_____

_____.

Date: 09/21/2011
_____        HON. _____
                              MAG. Judge Joseph C. Spero
                              U.S. DISTRICT COURT

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — signed by Judge Joseph C. Spero]

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment: Case No. CV-10-4813 JCS**           — 10 —